

# United States District Court

## Northern District of Illinois
### 219 South Dearborn Street
### Chicago, Illinois 60604

**THOMAS G. BRUTON**
CLERK

312-435-6860

August 12, 2021

Yao O. Dinizulu
Dinizulu Law Group, Ltd.
221 North LaSalle
Suite 1100
Chicago, IL 60601
Email: dinizulu@dinizululawgroup.com

Amy Elizabeth Lauricella
Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606
amy.lauricella@dbr.com

Alan Sterling King
Riley Safer Holmes & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
Email: aking@rshc-law.com

Noreen H Cull
Faegre Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606
noreen.cull@faegredrinker.com

Nigel F. Telman
Proskauer Rose LLP
Three First National Plaza
70 W. Madison
Suite 3800
Chicago, IL 60602
ntelman@proskauer.com

**In re: Campbell v. Ortho-McNeil-Janssen Pharmaceuticals, Inc. et al.
Case No. 11 CV 625**

Dear Counsel,

I have been contacted by Judge Robert W. Gettleman, who presided over the above-mentioned case.

Judge Gettleman informed me that it has been brought to his attention that while he presided over the case, he owned stock in Johnson & Johnson. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Gettleman directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Gettleman's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 31, 2021. Any response will be considered by another judge of this court without the participation of Judge Gettleman.

Sincerely,

Clerk of Court